INGALLS and LANDON, JJ., concurred.

Judgment affirmed, with costs.

---

IN THE MATTER OF THE APPLICATION OF THE COMMON COUNCIL OF THE CITY OF AMSTERDAM TO TAKE LANDS FOR THE EXTENSION OF GROVE AND JAY STREETS.

*Notice to party assessed for opening streets in the city of Amsterdam, provided for in section 90, chapter 131 of 1885, insufficient.*

Under the provisions of the charter of the city of Amsterdam (§ 90, chap. 131, of 1885), relating to taking lands for public improvements, the assessment is not limited to the property abutting on the streets to be opened. As to such property, the notice required by the act is sufficient to notify the property owners that they are to be assessed; but as no notice is provided by which parties assessed, whose land does not abut upon the streets to be opened, are informed that an assessment has been imposed upon it, said act is unconstitutional.

A reasonable notice, not necessarily a personal one, to the persons on whose land an assessment is imposed, must be given before the assessment can be laid.

APPEAL by the common council of the city of Amsterdam from an order made at a Special Term held in Montgomery county, and entered in the office of the clerk of the county of Montgomery on the 2d day of August, 1889, annulling the report of commissioners and referring back to them the matter of the appraisement and assessment of damages claimed by the owners and persons interested in the lands taken in the above-entitled matter.

The proceeding was taken for the purpose of opening and extending Grove and Jay streets, in the city of Amsterdam, under section 90 of chapter 131 of the Laws of 1885, which provided as follows :

§ 90. Whenever the common council shall have determined to lay out, alter, widen, straighten or extend, make, open or construct any street, alley, lane, highway, public ground or sewer, and to take and appropriate the land necessary for the same, and shall have determined to assess the expenses of such improvement, or any part thereof, as hereinafter provided, they shall give notice of such determination to the owner or owners of and other persons interested in the lands, by publishing the same once in each week, for four successive weeks, in the newspapers printed in said city, designated by the common council for the publication of official notices ; such notice shall specify in general terms the improvement to be made, and shall state that such owner or owners and all persons interested in said lands, on or before a day to be specified, may file their claim for damages, if any they have, on account of such taking or appropriation, with the clerk of said city, and that, in case any claim for damages shall be filed as aforesaid, the said common council will apply at a time and place to be specified in said notice to a Special Term of the Supreme Court within the judicial district in which the said city is located, or the County Court of Montgomery county, for the appointment of three commissioners to ascertain and assess the damages so claimed.   If any such claim shall have been filed as aforesaid, the said common council, at the time and place in said notice specified, shall make application to said court for the appointment of such commissioners, and any person who shall have filed such claim shall have a right to be heard on such application, and in case any person interested in or having a right to any lands sought to be taken shall not have filed a claim for damages, eight days' personal notice of the time and place of such application shall be given to such person or persons, or when such notice cannot be served personally within the State, or such person or persons are infants or otherwise incapacitated from receiving personal notice, then service of such notice may be made in such manner as the court may direct, and the said court shall have power to adjourn the hearing and to exercise general authority over the

proceedings in accordance with the rules and practice of said court, except as herein otherwise provided; the said commissioners having been duly appointed, shall enter upon the performance of their duties without delay. * * * "After the determination and assessment of the commissioners shall be returned to said common council, they shall give notice of the same by publishing for two successive weeks in the newspapers printed in said city, designated by the common council for the publication of official notices," a notice that such report has been filed with the city clerk, and may be examined by all the persons interested, and that at a time and place to be specified in said notice the said report will be presented at a circuit or Special Term of the Supreme Court held in the judicial district in which the county of Montgomery is situated, or the County Court of Montgomery county, for confirmation, and that all persons desiring to object to said report shall file their objections thereto in writing, with the city clerk before the day specified in such notice. And any party who may have appeared in the proceedings shall be entitled to the notice of such motion for confirmation in accordance with the rules and practice of the court. On the days specified in such notice, or on such other day or days as the said court may designate, the court shall hear the parties in regard to said report, and confirm such determination and assessment, or annul the same," etc

*Edward P. White*, for the petitioner, appellant.

*Z. S. Westbrook*, for the contestants, respondents.

LEARNED, P. J.:

The commissioners appointed pursuant to the act, after determining the amount of the damages sustained by the owners of land taken for the improvement, assessed this amount upon property which they deemed to be benefited. This property was not confined to that which was bounded on the extended streets, but included that which was on other streets, some of which would appear to be quite far distant, a mile or more, as is said.

The learned justice before whom the matter was heard at Special Term was of the opinion that this assessment could not stand as to the property which was not bounded upon the extended streets.

He thought, however, that the language of the act could be construed to mean that the damage was to be assessed only on the land bounded on the extended streets. In that view it might be held that the notices which are required by the act were sufficient to notify these property owners that they would be assessed, and, therefore, an assessment on them might be held to be valid. The learned justice, therefore, set aside the assessment and sent the matter back for a new assessment in accordance with his views.

We fully concur with him that the assessment should be set aside. But we are of the opinion that a fair construction of the act does not limit the assessment to the property bounded on the extended streets. Considering that not merely street improvements, but the making of sewers and the opening of places are provided for by this same section, we think that the act intended that the commissioners might extend the assessment as far as in their sound judgment the benefits should extend.

Then arises another difficulty. The statute in no respect provides for notice to the persons who are thus to be assessed. Of course, we do not mean that personal notice is necessary. But we understand it to be settled law that some reasonable notice must be given to the persons to be affected before an assessment for damages occasioned by such improvements can be made.

The notice that the city proposes to extend such a street does not give the least notice to the person who will be assessed. A man owning property a mile away cannot conjecture that he will be assessed for an improvement which, as he thinks, does not benefit him. The notice published only informs the citizens that the street is to be extended. And, as construed by the city, every owner of property within the city limits must, at his peril, attend and see that he is not unjustly assessed.

The necessity of notice before such special burden can be imposed was, perhaps, not as carefully laid down some years ago as it has been more recently. (*Stuart* v. *Palmer*, 74 N. Y., 188.) But the doctrine, when suggested, must commend itself as sound.

We are of the opinion that there must have been given, in some way, a reasonable notice, not necessarily, perhaps, a personal notice, to the persons on whose land the commissioners lay this assessment

before the assessment can be laid. And we are clearly of the opinion that nothing which the act directed, and nothing which was, in fact, done, constituted such notice. Of course, in such proceedings, a notice not authorized or directed by the act is of no effect to give validity to the assessment.

With these views, we affirm that part of the order which set aside the assessment, and reverse that part which sent the matter back for a reassessment. No costs of the appeal.

LANDON, J., concurred; FISH, J., not acting.

The part of the order setting aside assessment, affirmed; the part sending matter to new commissioners, reversed; no costs.