THE CITY OF KANSAS CITY v. MARTIN NAPIECEK *et al.*

No. 15,552.    (92 Pac. 827.)

SYLLABUS BY THE COURT.

1. MUNICIPAL CORPORATIONS—*Opening a Street—Special Assessments—Report of Appraisers—Award.* The proceedings by which an assessment is made against the property within a benefit·district to pay for a part of the cost of opening a street are not rendered void by the fact that the report of the appraisers appointed to assess the damages occasioned by the taking of the land required for the purpose shows that their award was based upon the theory that the owner should retain the buildings situated thereon and remove them at his own expense.

2. ——— *Notice Given by Appraisers—Construction.* The language of a notice given by such appraisers will be liberally construed to uphold their acts, especially in the case of ambiguous phrases borrowed from the statute.

3. ——— *Description of Property Specially Benefited.* · In the course of proceedings instituted by a city for opening a street and charging a part of the cost to the property within a benefit district it is unnecessary that the description of the property referred to therein should include a statement of the city, county or state in which it is situated. The subdivisions referred to must be understood to be those of the municipality concerned.

4. ——— *Apportionment of Assessments.* A statute providing that appraisers shall assess a part of the cost of such improvement against the property within a specified district which shall in their opinion be especially benefited thereby, in the absence of a provision for any other rule of apportionment, must be construed to mean that the total amount to be charged against such property shall be distributed in

proportion to the actual benefit received by the several tracts respectively, as estimated by the appraisers.

5. ——— *Property Not Fronting on the New Street.* Under the statute (Laws 1903, ch. 122, § 160) authorizing a part of the cost of opening a street to be charged to property especially benefited thereby assessments may be made against tracts not fronting thereon.

Error from Wyandotte court of common pleas; WILLIAM G. HOLT, judge. Opinion filed November 9, 1907. Reversed.

*H. L. Alden,* city counselor, and *Ralph Nelson,* city attorney, for plaintiff in error.

*E. L. Fischer,* and *T. A. Pollock,* for defendants in error.

The opinion of the court was delivered by

MASON, J.: The city council of Kansas City undertook to open a street through a block and to charge a portion of the cost to the property within a benefit district. The owners of several tracts affected obtained a permanent injunction against the enforcement of the resulting assessments, and the city prosecutes error.

The plaintiffs concede that to sustain the judgment it is necessary for them to show that the proceedings which culminated in the tax complained of were absolutely void. The first defect specified is that the report of the appraisers appointed to assess the damages occasioned by the taking of the land required for the street made their estimates upon the basis that the owner should retain all buildings located thereon and remove them at his own expense. It is true that the rule is said to be that where land is taken for a public purpose the title to permanent improvements thereon passes to the public and the owner must be paid for them. (Mills, Em. Dom., 2d ed., § 223; *The City of Kansas v. Morse,* 105 Mo. 510, 16 S. W. 893; *Finn v. Providence Gas and Water Co.,* 99 Pa. St. 631. See, also, 10 A. & E. Encycl. of L. 1158; 15 Cyc. 762.) There is nothing, however, inherently vicious about the

Kansas City v. Napiecek.

method pursued.   Indeed it seems better calculated to
yield just results than the one usually adopted., If it
was satisfactory to the parties directly concerned—the .
owners and the city—it is not apparent how the plain-
tiffs were injured by it.   But at most it merely resulted
in an erroneous award of damages, which could have
been corrected on appeal as provided by the statute
(Laws 1903, ch. 122, § 162), and which, not having
been challenged in that manner, became final.   It is
not unusual for condemnation commissioners to attach
conditions to their assessment, as by allowing some
privilege to the owner in reduction of the amount of his
damages.   Of this practice it is said, in volume 2 of
the second edition of Lewis on Eminent Domain, sec-
tion 505:

"Awards of this character are ·not, however, void
unless repugnant to the legal effect of the condemna-
tion, as where the statute vests a fee in the party con-
demning, and the award reserves an easement to the
owner, or is contrary to a provision of positive law."

The notice given by the appraisers of the time and
place of their meeting recited that they had been ap-
pointed "to appraise and assess the actual value of the
land proposed to be taken,  .  .  .   and the actual
damages done to all other property  ·.  .  .   and for
the payment of such value and damages assess against
said city  .  .  .   the amount of benefit to the public
generally, and the remainder of such damages caused
by the opening of said street against the property in
the benefit district."   It is insisted that this could only
mean that the appraisers were to assess against the
city both the value of ·the land taken and the damages .
to other property, but against the property specially
benefited only the damages to other property than that
appropriated.   The language considered by itself might
be susceptible of such a construction, but it is in sub-
stance borrowed from the statute, where the word
"damages" in the phrase "the remainder of such dam-
ages" obviously refers to all the damages occasioned

by the improvement, including the amount allowed as compensation for the land taken. Complaint is also made 'that.by referring to the assessment of the damages done to "all other property" the notice and the ordinance on which it was based implied that damages would be allowed with respect to lands not a part of the tract through which the street was to be opened. As the expression thus complained of is also found in the statute no serious objection can be based upon its repetition in the notice and ordinance.

The report is further criticised because, although the various tracts referred to therein were otherwise sufficiently described, the names of the city and county were not stated in that connection. There was no occasion for stating them. The various subdivisions named must be understood to be those of the municipality which had instituted and was carrying on the proceeding.

Another objection to the report is that it does not disclose by what rule or method the amount required to be raised by special assessments was apportioned among the property of the benefit district. The legislature might doubtless have provided for an apportionment according to the area, or to the frontage, or to the value. (25 A. & E. Encycl. of L. 1200, 1201.) What it intended in this regard must be found in these words of the statute:

"For the payment of such value and damages, the appraisers shall assess against the city the amount of benefit to the public generally, and the remainder of such damages against the property within the benefit district which shall, in the opinion of said appraisers, be especially benefited by the proposed improvement." (Laws 1903, ch. 122, § 160.)

This can only be interpreted to mean that the amount to be charged against the tracts especially benefited shall be distributed in proportion to the actual benefit respectively received by each in the opinion of the ap-

praisers.  The report, so far as material, was thus worded:

"We, the undersigned appraisers appointed to ascertain the actual value of the land proposed to be condemned and taken, and to assess the benefits and damages sustained by all property owners by reason of the [improvement in question], beg leave to report that . . . we assessed against the city the amount of benefits to the public generally by reason of the opening, widening or extending of said highway, and the remainder of such damages, including the value of the land to be taken and the damages to all other property, we assessed as benefits against the specific property embraced in the benefit district fixed by said ordinance which will be especially benefited by the proposed improvement, as shown by the schedule hereto attached and made a part hereof, and we now report the same as a full and complete assessment."

The appraisers' oath, which was referred to in and made a part of the report, contained an engagement that they would "make a true, correct and equitable appraisement of the actual value of the land proposed to be condemned and taken, and of the benefits and damages to all other lots and pieces of land." In view of the terms of the statute the report sufficiently showed that the plan adopted was that of apportioning the damages according to the actual benefits received. It is now claimed that the total benefits estimated exceed the total damages by a few dollars, that one tract was assessed twice, and that in several instances the assessment levied does not correspond with the estimate of the appraisers. These matters, however, need not be considered, for they were not referred to in the petition, which undertook to set out the plaintiffs' grievances in full detail.

The ordinances providing for the improvement and for collecting the assessments are attacked upon grounds similar to those already discussed, and upon others which have been examined and are held to be insufficient, but which are thought not to require separate statement.

The final claim upon which a reversal is asked is that only property fronting upon a street to be opened can be charged with the cost thereof. It is true that in denying the right of the owner of property which does not abut upon a street to maintain a suit to enjoin its vacation or obstruction courts often say that such a person has no special or peculiar interest therein, but this is explained to mean that to gain a standing for that purpose he must show that he suffers an inconvenience different *in kind* from that caused to the public generally. (*Billard v. Erhart,* 35 Kan. 611, 12 Pac. 39.) And that situation can only arise when his direct access to his property is affected. But it is obvious that by the opening of a street tracts not abutting upon it may be actually benefited and become more valuable. The advantage thus afforded to owners may be said to be of the same kind as that derived by the public generally, or, at all events, of the same kind as that derived by many other individuals. But it obviously will vary in degree, depending upon distance, position and other local conditions, and in that sense is special and peculiar as to each tract. Under the statute the location of the property is immaterial if it is in fact benefited (25 A. & E. Encycl. of L. 1189), and the question of fact is to be determined by the council and the appraisers. In *Matter of Common Council of Amsterdam,* 126 N. Y. 158, 27 N. E. 272, affirming on this point 62 N. Y. Supr. Ct. 270, 8 N. Y. Supp. 234, it was expressly held that the authority given to commissioners to assess the costs of the opening of a street to the property benefited thereby was not limited to an assessment upon lands bordering on the street. (See, also, *In re Westlake Avenue,* 40 Wash. 144, 82 Pac. 279.)

No jurisdictional defect in the proceedings having been pointed out, no ground for enjoining the enforcement of the assessment has been established, and the judgment must therefore be reversed.