KANSAS CITY SOUTHERN RAILWAY COMPANY *v.* ANDERSON.

Opinion delivered November 23, 1908.

1. TRIAL—OPENING STATEMENT—SUFFICIENCY OF GENERAL OBJECTION.—A general objection to the opening statement of plaintiff's counsel in reading from a paper showing what he intended to prove was properly overruled if some of the matters set up therein were competent to be proved, though others were incompetent. (Page 131.)

2. EMINENT DOMAIN—VALUE OF FIXTURES.—Where a building was erected for the purpose of installing certain machinery for a planing mill, and the machinery was securely fastened to the buildings, and a basement constructed for the purpose of attaching it permanently to the soil, the machinery became a part of the realty, and its value should be considered in a suit to condemn the land for a right of way. (Page 131.)

3. SAME—MEASURE OF VALUE OF LAND.—In determining the value of land being condemned for railroad purposes, the rule is to award the highest price which it would bring after reasonable and ample time has been taken to effect a sale. (Page 132.)

4. INSTRUCTIONS—ABSTRACT PROPOSITIONS.—It was not prejudicial to instruct the jury that "to sell real estate at its market value sometimes requires offer and negotiation for some weeks, and even for some months." (Page 133.)

5. EMINENT DOMAIN—INJURY TO PERSONAL PROPERTY.—In a suit by a railroad company to condemn for a right of way land which was being used in the manufacture of lumber, it was not error to exclude testimony as to the value of lumber and other personal property thereon, and to its depreciation in value and the cost of removing the same. (Page 133.)

Appeal from Sebastian Circuit Court, Fort Smith District; *Daniel Hon,* Judge; affirmed.

*S. W. Moore* and *Read & McDonough,* for appellant.

1. The matters set up in the first paragraph of the answer were wholly inadmissible and harmful. 80 Ark. 158; 74 *Id.* 256.

2. A person who *knows* the market value may state it, but it is incompetent to bolster a witness by his own side by asking him to give the reasons upon which he bases his *opinion.* The reasons may be asked on cross-examination by *opposite side.* 49 Ark. 381.

3. It was inadmissible to permit plaintiff to state what his secret intention was when he attached the machinery to the building. 13 A. & E. Enc. Law, pp. 597, 599; 56 Ark. 55.

4. The value of the machinery was immaterial; it was personal property. 56 Ark. 58; 73 *id.* 227; 13 Am. & Eng. Enc. Law, p. 608; 9 Cal. 119; 46 Mich. 581; 5 Cow. 323; 24 Ill. 512; 63 Ark. 625.

*Ira D. Oglesby,* for appellee.

1. This court will not explore the record to pass upon objections. 132 Fed. 321.

2. The record does not sustain the objection as to the first paragraph of answer. But the ruling was in plaintiff's favor, and he could not be prejudiced.

3. The machinery was a fixture. The rule between vendor and vendee should be applied to determine fixtures. 73 Ark. 237; 39 App. Div. (N. Y.) 589; Lewis, Em. Domain, 448.

4. The instructions assailed are in accord with the decisions of the court. 49 Ark. 381.

5. Defendant was entitled to recover the special damages set up in his answer on his cross-appeal. 91 Mich. 149; 61 S. W. 303.

HILL, C. J. The railway company filed suit for the condemnation of the lots in the city of Fort Smith belonging to D. A. Anderson. The defendant answered in several paragraphs. Only parts of it are material on this appeal. He alleged that the property was occupied and used by him as a manufacturing plant, for the manufacture of finished lumber and mill products, and as a planing mill and lumber yard, upon which was located and used in said business valuable machinery; that the property had a peculiar value as a site for such business. He alleged that the total value of his property sought to be taken was $18,000, and that, after purchasing said land for a manufacturing site, it was essential, in order to use the same to better advantage, that he should erect necessary and suitable buildings and place therein necessary machinery, all of which was done; that the buildings were erected and machinery placed therein and attached thereto, not to be removed therefrom but as a permanent plant, and with the intent and purpose that same should remain and become a permanent accession to the freehold. He also alleged that at the time the petition was filed he had a large stock of lumber to be manufactured into dressed and finished

lumber, and that said stock could not be used or sold in its present condition without great damage and loss; and that to remove it to a new location would cost him $800, and without being manufactured he would suffer great loss upon it. He prayed for special damages in the sum of $800 as a fair and reasonable cost and expenses of moving the same.

The issues went to a jury, and, under the directions of the court to make special findings, they returned a verdict for $12,000, dividing it as follows: $6,000 for the lots, $2,800 for the machinery and $3,200 for the buildings on the lots; upon which verdict the court rendered judgment for $12,000, and the railroad company has appealed.

I. The first error assigned is in defendant's counsel reading to the jury from the first paragraph of the answer. This paragraph had been stricken out by the court prior to the trial. It contained many matters irrelevant to the issues, but contained allegations of other matters which might have been competent testimony. The record merely shows this: "Counsel for the plaintiff objected to counsel for the defendant reading from the first paragraph of the answer in this case and making a statement of the proof purposed to be introduced upon that point; objection overruled by the court, and plaintiff excepted." If any part of the paragraph stricken out contained any matter which would be proper to prove, then this record shows no error, because it does not show what part he read from or made a statement of the proof purposed to be introduced under it. There are allegations in it which might not have been improper to have mentioned in an opening statement, one of which was referred to by appellee's counsel at the bar, and there may be others not prejudicial. If it had been certain other irrelevant matters in the stricken out paragraph, certainly it would have been improper for counsel to have read them or offered to have proved them. This exception fails to lay its finger on the error.

II. The defendant offered evidence as to the character of the machinery and improvements on the property, tending to show that the same were intended to be permanent. This was objected to by the plaintiff, and the court said: "You are seeking to condemn these two lots, and not the improvements; if the improvements are a part of the realty, you condemn them; and

if they are not a part of the realty, you do not condemn them, and they may be moved off." This was a correct statement of the case, and the court then properly permitted evidence to develop whether the machinery was an irremovable fixture or personalty.

It was shown that the building was built for the purpose of installing this machinery for a planing mill, and for this purpose exclusively; that good machinery was put in and securely fastened to the buildings, and a basement was constructed in which it rested; that it was built in this manner for the purpose of attaching it permanently to the soil, and that Anderson intended to continue in this business at this place as long as he lived, and afterwards to turn it over to his boys if they wanted it. There was testimony from him and his son as to the manner of construction, all tending to show that it was intended from its nature and character to be a permanent accession to the freehold. This was all the testimony upon the point, and the court gave this instruction: "If the jury find that the buildings on the land constitute a manufacturing plant with such machinery therein as is necessary to carry on the business of the plant, you will find for defendant the value of the land, buildings and machinery."

This cannot be commended as an accurate statement of the proposition, but in view of the undisputed evidence it cannot have been prejudicial to the appellant. Under the undisputed testimony, the machinery became a part of the realty, under the tests applied in *Choate* v. *Kimball,* 56 Ark. 55, and in *Ozark* v. *Adams,* 73 Ark. 227. As said in those cases, "the intention of the permanency in the installation of the machinery is what fixes its character as an irremovable fixture;" and this intention is "inferred from the nature of the article affixed, the relation and situation of the party making the annexation,  .  .  .  the structure and mode of annexation and the purpose or use for which the annexation has been made."

III. The court gave this instruction: "The rule by which you are to be governed in determining the value of the property taken is the highest price which it would bring when offered for sale in the market. It is the highest price which those having the ability and the occasion to buy are willing to pay. This does

not mean the price that could be realized at forced sale upon short notice, but the price that could be obtained after reasonable and ample time, such as would ordinarily be taken by an owner to make sale of like property. To sell real estate at its market value sometimes requires effort and negotiation for some weeks and even for some months." This is almost literally the words used by the court in *Little Rock Junction Ry. Co.* v. *Woodruff*, 49 Ark. 381.

Objection is made to the last paragraph, wherein the court stated that "to sell real estate at its market value sometimes requires offer and negotiation for some weeks, and even for some months." This was but stating a well-known fact of which the courts have long taken cognizance because it is common knowledge. It would be better not to have these abstract statements in instructions; but the court fails to see where any prejudice could have resulted from it.

IV. Other questions are presented, which largely go to the admission of testimony. Some of these are not properly abstracted, so that they are brought for review, and others become immaterial in view of the undisputed facts as to the machinery being realty, and others unimportant owing to the subsequent exclusion of some of the claims of the defendant. All the appellant's exceptions have been considered, but none of the others are found of sufficient moment to require discussion.

V. Defendant introduced testimony as to the value of the stock of lumber and other personal property sought to be condemned, and as to its depreciation in value and the cost of removing the same, over the objection of the plaintiff. At the conclusion of the testimony, the court decided to exclude all of this testimony, and did so, and told the jury that the sole question for their consideration was the value of the property sought to be condemned. The defendant excepted to this, and has cross-appealed upon this issue.

There are some cases which sustain the appellee's positon, and they may be found reviewed in *Blincoe* v. *Choctaw, etc., Rd. Co.*, by the Oklahoma Territorial Supreme Court, 16 Okla. 286, s. c. 8 A. & E. Ann. Cases, 689; but it will be seen by reference to the editor's notes in the latter report that the majority of the courts hold that compensation cannot be recovered in such cases,

either for damages resulting to personal property or for the cost of removing it from the premises. The controlling principle is thus stated by the New Hampshire court: "As the title to all property is held subject to the implied condition that it must be surrendered whenever the public interest requires it, the inconvenience and expense incident to the surrender of the possession are not elements to be considered in determining the damages to which the owner is entitled." *Ranlet* v. *Concord R. Corp.*, 62 N. H. 561.

Mr. Lewis thus states the law upon this subject: "Fixtures upon the property taken must be valued and paid for as part of the real estate, and any depreciation in the value of fixtures upon the part not taken is to be taken into consideration, the same as damage to the soil itself.   .   .   .   But the damages to personal property, or the expense of removing it from the premises, cannot be considered in estimating the compensation to be paid.". 2 Lewis on Eminent Domain, (2 Ed.) § 488.

Many consequential losses to the land owner, such as injury to business, inconvenience, expense and losses from interruption of business, are not recoverable as damages in condemnation suits. These may be found discussed in 15 Cyc. 733 *et seq.*

In *Hot Springs Rd. Co.* v. *Williamson*, 45 Ark. 429, the court pointed out the difference between the Constitution of this State and some others. The Constitution of this State has broadened the right of the property owner to compensation, and included damage as well as taking and appropriating; and it is not necessary under it that there should be a physical invasion or spoliation of one's land in order to give a right of recovery. But this does not reach to damages to the business of the land owner which are incident to the enforced purchase of his property. These are not subjects for assessment in condemnation proceedings, under the weight of authority and the sounder reasoning on the subject. The court was right in excluding this evidence and confining the issues to the damages for the land taken; and this included the machinery which had become irremovably fixed to the freehold.

The judgment is in all things affirmed.