## STATE v. MILLER.

No. 1866.

Court of Civil Appeals of Texas. Waco.

Feb. 27, 1936.

Rehearing Denied April 2, 1936.

Frank Wilson, of Waco, for the State.

W. L. Eason, of Waco, for appellee.

ALEXANDER, Justice.

This action was brought by the state of Texas against F. H. Miller to condemn for highway purposes a strip of land consisting of a total of 2.61 acres across Miller's farm containing 127 acres. The jury awarded damages in the sum of $3,000. The state appealed.

The strip of land condemned included the main farm residence, being a two-story frame building of eight rooms. The state alleged that said building could be removed from the condemned land to another location on appellee's farm at little expense and without material damage thereto, and it contended in the lower court, and here contends, that it should not be required to pay for these improvements along with the land taken, but that it should be allowed, over appellee's protest, to remove the building from the condemned land onto another portion of appellee's farm, and should be required to pay only for the land taken, together with the costs and the damages, if any, occasioned in moving the building.

It appears that the question thus raised has never been directly passed on in Texas, and that the authorities in other states are not in entire accord. The question was referred to in the cases of City of San Antonio v. Fike (Tex.Civ.App.) 224 S.W. 911, par. 11, and Central Power & Light Co. v. Willacy County (Tex.Civ.App.) 14 S.W.(2d) 102, par. 5; but it does not appear from either of those opinions whether the owner of the land was unwilling to have the improvements removed to another loca-

tion on adjoining land, and for that reason the question now before us was not directly involved in those cases. We have given the question very careful consideration and have reached the conclusion that we cannot agree with the State's contention.

In the beginning, it should be noted that we are not here concerned with the rights of the parties to arrange for the removal of the improvements from the condemned land by mutual agreement. Those were matters that lay entirely within the discretion of the parties prior to and independent of the judgment of the court; but when the parties exhausted their efforts for an amicable settlement and invoked the aid of the court to adjust their differences, they came into court, not as contracting parties, but as antagonists, standing at arm's length, and each was entitled to stand on his legal rights, and neither could be compelled to make a settlement contrary to established legal principles. The remedy of eminent domain, by which the government through one of its agencies or a quasi public corporation is authorized to take the property of a private citizen because of the supposed urgent public need, is a harsh one and must be exercised in accord with the strict principles appertaining thereto. 16 Tex.Jur. 590. Such proceeding is in the nature of an enforced sale in which the agency so appropriating the land stands in the position of a buyer. Consequently, it must either take the land with the permanent improvements thereon as it stands and pay for it accordingly, or reject it in toto. It cannot strip the improvements therefrom and compel the owner to provide other land to receive the salvage, and then rightfully insist that the owner is fully compensated by the payment of the value of the naked land so appropriated. If the rule here contended for is applicable to rural property, it is likewise applicable to urban property. Its general application might often permit the state, a railway corporation, or other agency with authority to condemn land, to move the buildings off of the condemned land onto vacant lots that had been acquired by the owner for use for an entirely different purpose, and in this way the owner's plan for the improvement of his private property, not directly involved in the condemnation proceedings, might be entirely upset. Such a rule would be intolerable. The law will not sanction such unnecessary meddling with a citizen's

rights. Ordinarily in condemnation cases in determining what improvements pass with the title to the condemned land, the same rule applies as that which governs between an ordinary vendor and vendee. The building here under consideration was a permanent improvement and constituted an appurtenance to the land which would pass with the title in an ordinary conveyance, and in our opinion the state should be required, as held by the trial court, to accept and pay for it along with the land so condemned. 20 C.J. 799, § 247; 10 R.C.L. 143, § 125; Jackson v. State, 213 N.Y. 34, 106 N.E. 758, L.R.A.1915D, 492, Ann.Cas. 1916C, 779; White v. Cincinnati, R. & M. R. R., 34 Ind.App. 287, 71 N.E. 276; City of Kansas v. Morse, 105 Mo. 510, 16 S.W. 893, 895, par. 5; In re Mayor, etc., of City of New York, 39 App.Div. 589, 57 N.Y.S. 657; In re North River Water Front (In re Acquiring Certain Property on North River in City of New York), 118 App.Div. 865, 103 N.Y.S. 908; Chicago, S. F. & C. Ry. Co. v. McGrew, 104 Mo. 282, 15 S. W. 931, 935; Kansas City v. Napiecek, 76 Kan. 693, 92 P. 827; Kansas City Southern Ry. Co. v. Anderson, 88 Ark. 129, 113 S.W. 1030, 16 Ann.Cas. 784; City of Los Angeles v. Klinker, 219 Cal. 198, 25 P.(2d) 826, 90 A.L.R. 148; In re Bellevue Hospital in Borough of Manhattan in City of New York (Psychopathic Pavilion Site), 132 Misc. 774, 230 N.Y.S. 411; United States v. Seagren, 60 App.D.C. 183, 50 F. (2d) 333, 75 A.L.R. 1491; People v. Isaac G. Johnson & Co., 219 App.Div. 285, 219 N. Y.S. 741.

During the cross-examination of one of the jury of review appointed by the county court to assess the damages, counsel for appellee, for impeachment purposes, elicited from the witness the amount of the award, and appellant here contends that this presents reversible error. It appears that appellant later introduced the entire report of the jury of review without qualification. This report disclosed the amount of the award. Any error that was committed by appellee's counsel in eliciting the amount of the award was waived by appellant when it later introduced the report of the jury of review without limitation. Slayden v. Palmo, 108 Tex. 413, 194 S.W. 1103, par. 2; Southland Life Ins. Co. v. Hopkins (Tex.Civ.App.) 219 S.W. 254, 255, par. 10; Sullivan v. Fant, 51 Tex.Civ.App. 6, 110 S.W. 507, par. 32; Austin v. De George (Tex.Civ.App.) 55 S.W.(2d) 585, par. 10; Wolf v. Wolf (Tex.Civ.App.) 269 S.W. 488, par. 15.

The judgment of the trial court is affirmed.