STATE of Texas, Appellant,

v.

Walter P. EVANS, Sr., et ux., Appellees.

No. 3767.

Court of Civil Appeals of Texas.

Waco.

Oct. 6, 1960.

Rehearing Denied Nov. 23, 1960.

Will Wilson, Atty. Gen., Jay Howell, Jr., Asst. Atty. Gen., for appellant.

Dunnam & Dunnam, Waco, for appellees.

TIREY, Justice.

This is a condemnation case. The suit was brought to acquire title to 2.278 acres of land on the west side of U. S. Highway No. 81, and approximately 0.615 acres on the east side of such highway at a point in McLennan County near the town of Lorena. The State alleged that it desired these two tracts in order to complete the construction of Interstate Highway 35 as a Controlled Access Highway, and it specifically alleged that in the building of these access roads that the right of ingress and egress to or from the remaining property of defendants abutting on said highway is not to be denied. Two suits were filed and on motion of defendants the Court entered an order that the causes be consolidated. The jury, in its verdict, found:

(1) That the reasonable market value of the 2.278 acre strip with the improvements to be $20,400; (2) That exclusive of the 2.278 acre strip taken that the reasonable market value of the remaining 18.047 acres immediately before the strip was taken to be $974 per acre; (3) and the value after the taking none per acre; (4) That the reasonable market value of the 0.615 acre strip taken on the east side of the highway at the time it was taken to be $930; (5) and exclusive of the 0.615 acre strip taken the reasonable market value per acre of the remaining 3.510 acres on the east side of the highway immediately before the strip was taken $830; and (6) that the reasonable market value per acre of the remaining 3.510 acres on the east side of the highway, immediately after the strip was taken was $150 per acre.

On the verdict of the jury as it related to tract 0.615, the Court awarded judgment in favor of appellees in the sum of $2,580.12, with legal interest thereon from and after January 22, 1960, to the date of deposit in the registry of the County Court. With reference to the tract of 2.278 acre strip, the Court on the verdict awarded judgment in favor of appellees for the sum of $37,-977.78, including accrued interest less and

except the sum of $13,661 theretofore deposited by the plaintiff into the registry of the County Court, which sum had been withdrawn by appellees. The decree provided that the State deposit the sum of $26,286.40 with legal interest from and after January 22, 1960 into the Registry of the County Court to be paid and delivered by the Clerk of the Court to appellees on the latter executing proper receipt therefor, and taxed all costs against the State of Texas. The State duly excepted to the judgment and gave notice of appeal to this Court. Thereafter the Court, on the 26th day of February, 1960, entered an order directing the appellees to file a remittitur of $3,926 which was filed, which sum was calculated at the rate of $200 per acre for the 18.047 acres remaining out of the tract of land out of which the 2.278 acres were taken by the plaintiff. Thereafter the Court overruled plaintiff's motion for new trial, and plaintiff seasonably perfected its appeal to this Court.

The judgment is assailed on six points; they are substantially to the effect that the Court erred because:

(1) In admitting the testimony of the witness Davis as to the reconstruction cost of the dwelling because it was given without depreciation;

(2) In refusing to submit State's Issue No. 1, reading:

"From a preponderance of the evidence, what do you find was the market value of the 2.278 acre strip of land condemned by the State for highway purposes at the time it was condemned considered as severed land?"

(3) The Court erred in inserting the words "with the improvements thereon" in Special Issue No. 1 of the Court's main charge.

(4) In refusing to permit the State to introduce evidence showing that the right of ingress and egress to or from the re-

maining property of defendants abutting on the highway is not to be denied;

(5) In refusing to instruct the jury that the landowners' right of ingress and egress to or from the remaining property of defendants was not being condemned;

(6) "The Trial Court erred in rendering the judgment it did herein, as it was excessive."

■■■ We see no reversible error in Point 1, because of the Rule that the Trial Court is vested with an extensive discretion as to admissibility of testimony relating to values in cases of this kind. See Naegelin v. State, Tex.Civ.App., 153 S.W.2d 269, n. w. h. See also State v. Miller, Tex.Civ. App., 92 S.W.2d 1073, 1074, n. w. h. Similar questions have been before our courts in many cases, and it is well settled in Texas that it is largely discretionary with the trial judge as to whether a witness is qualified to testify as to market value, and that an appellate court shoud not disturb the action of the trial court in admitting such testimony in the absence of a clear abuse of discretion. See Breithaupt v. State, Tex.Civ.App., 321 S.W.2d 361, points (3, 4) page 367, n. r. e., and cases there cited.

We are of the further view that there is no merit in appellant's Points 2 and 3, for reasons which we shall hereinafter briefly state. First of all, we find no specific objection filed by appellant to the Court's Charge. It is true that the State did request the Court to give the following Special Issue:

"From a preponderance of the evidence, what do you find was the market value of the 2.278 acre strip of land condemned by the State for highway purposes at the time it was condemned considered as severed land?"

This issue was refused by the Trial Court.

The appellant says in effect that reversible error was committed by the Court in the submission of Issue No. 1, because of the insertion in the issue "with the improvements thereon."

■■■ It is true that the issue submitted by the Trial Court does not follow exactly the issue approved by the Supreme Court in State v. Carpenter, 126 Tex. 604, 89 S.W.2d 194, 979; however, on page 980 of the opinion we find this statement:

"It is a general rule that improvements situated upon the portion of land taken are to be considered as a part of the realty. They ordinarily have no market value separate from the land. Therefore, when such improvements are taken or destroyed their value can be reflected in the finding as to the value of the land taken, and evidence of their value is admissible for that purpose."

Since the jury was entitled to take into consideration the value of improvements we see no reversible error here. Points 2 and 3 are overruled. See Rules 434 and 503, of Texas Rules of Civil Procedure. See Eubank v. State, Tex.Civ.App., 330 S.W.2d 510, discussion on Motion for Rehearing, pages 517 and 518, and cases there cited.

■■■ We will now consider Points 4 and 5. Point 4 is to the effect that the Court erred in refusing to permit the State to introduce evidence showing that the right of egress and ingress to and from the remaining property of the defendants abutting on the highway is not to be denied. Five, in refusing to instruct the jury that the landowners' right of ingress and egress to the remaining property of defendants' was not being condemned. The state tendered some evidence seeking to establish the foregoing points, but the defendants objected to the testimony tendered and these objections were sustained and no exception was taken thereto, and no bills of exception were filed showing what the answers of the witnesses would have been if the Court had permitted them to answer the questions. Point 4 is overruled. It is our view that the instruction referred to in Point 5 is without any

merit whatsoever. The Court, in its Main Charge, made crystal clear that the tract of 18.047 acres was not being condemned.

Point 6 asserts that the judgment is excessive. We think under the record and appellant's brief that this point relates solely to the answer of the jury to issue No. 3, where the jury found that the post-condemnation value of the tract of 18.047 was none. Much testimony was tendered as to the value of this tract before and after the taking. One witness placed the value before taking at $2,000 per acre, and $250 per acre after the taking. The witness Judd testified to the effect that the landowners did not have a drive-way to the tract and didn't have any way of getting to it, and that an automobile could not cross the ditch, and that the land before the taking was worth $1,500 per acre, and after the taking $500 per acre. The witness Stanford said that there was a ditch along the side of the tract that you could not get across, and that it is cut-off, and that there was no entrance to the tract, and that the value of the land before the taking was $2,000 per acre, and after the taking $200 per acre. Another witness placed the value at $2,000 per acre before the taking, and $200 per acre after the taking; another witness placed the value at $2,000 per acre before the taking and said market value had been reduced to eight or %10ths after the taking, and the reason that it had been so reduced, was that the tract was isolated and cut-off, and was inaccessible. Another witness placed the value after the taking at $250 per acre, and another at $300 per acre. The foregoing testimony was tendered by appellees' witnesses. One witness for appellant stated that there was no diminution in value of the tract after the taking, and another witness said that the diminution in value amounted only to $3 per acre.

Going back to the verdict of the jury, and the judgment entered by the trial court, which has been heretofore set out, we find that the effect of the jury verdict was to award to the appellees not only the full value of the 2.278 acre tract, but also the full value of the remaining 18.047 acre tract which was not condemned. This situation was clearly pointed up to the Court on appellant's motion for new trial, and in the transcript we find an order of remittitur entered by the court on the 19th day of February, 1960, and in the order we find this recital:

"* * * and the Court, after considering said motion and the evidence and argument submitted in connection therewith is of the opinion that the special verdict and finding of the jury as the same relates to the remaining 18.047 acres of defendant's tract of land * * is excessive to the extent and amount of $200.00 per acre and that a remittitur of said sum and interest thereon should be made by the defendants * * * in this Court as a condition precedent to the overruling by the court of said motion for new trial it is therefore the judgment and order of the court that said defendants file herein a remittitur of $3926.00, the same being the sum of $200.00 per acre for the remainder of 18.047 acres of land and interest thereon included in the original judgment."

Appellees seasonably filed this remittitur, and the judgment was amended and appellant's subsequent motion for new trial was overruled.

■ Since there is a total absence of testimony to the effect that the tract of 18.047 had no post-condemnation value, and since there was a wide conflict in the testimony of appellant and appellees on this value as here above detailed, it is obvious that the jury's answer to the value of the tract in question resulted in an excessive verdict. The question arises: Did the Court's action in requiring a remittitur cure this excessiveness? That question has given the court much concern.

■ Our Supreme Court in Adams v. Houston Lighting and Power Company, 158 Tex. 551, 314 S.W.2d 826, 830, made this statement of the Rule regarding an exces-

sive verdict: "The case being one of an excessive verdict, there is no rule prescribing the manner by which the court determines the amount of remittitur." The Court, in the Adams case, was dealing with a most unusual situation which is fully disclosed by the opinion. See also opinion of this Court in same case, Tex.Civ.App., 309 S.W.2d 537, for a more detailed factual statement. In view of the wide latitude that the trial court had under the above pronouncement of our Supreme Court, and in view of the record as a whole, we cannot say that the trial court abused its discretion in fixing the amount of the remittitur, or that the amount was insufficient to correct the excessive verdict. The opinion of our Supreme Court in Texas Pipe Line Company v. Hunt, 149 Tex. 33, 228 S.W.2d 151, 155, is similar in part to the case before us. Pertinent to this discussion the Court had before it a jury finding of zero for the post-condemnation value of a pipe line easement strip, and the Court held that under the evidence that the error in question was properly met by the requirement of remittitur which had the effect of reducing the award made to the condemnee. The factual situation is almost the exact situation that we have here. It is true that the testimony tendered with reference to the post-condemnation value in the pipe line case is the converse to the situation that exists in the case before us. In the Hunt case, the Court said:

"There was evidence upon which the amount of the remittitur could be within reason based. The case being in general one for remittitur, we do not think petititoner should be heard to complain if the figure selected by the appellate court was the most favorable to the petitioner of petitioner's own witnesses."

Here the Court took the minimum value placed by appellees' witnesses on the property after the taking, but since the Court had the duty under Adams v. Houston Lighting and Power Company, supra, to correct a verdict that it believed was excessive, we cannot say under the record as a whole that his discretion was abused, or that the amount of the remittitur required was insufficient. See Rules 434 and 503 aforesaid. Believing that no reversible error is shown, the judgment of the trial court is affirmed.

WILSON, J., not participating.