OPINION OF THE COURT
Anthony J. Ferraro, J.
Petitioner makes application pursuant to CPLR article 78 to annul and set aside a determination of respondents which *368 levied a special assessment against his property and for declaratory relief to set aside section 114 of the Charter of the Village of Ossining as unconstitutional.
On May 27, 1977, defendant village notified petitioner that the sidewalk and curb abutting his property were in need of repair and, upon his failure to make such repairs, the village would make them and assess the cost against his property. The notice further stated that he was not to make the repairs until a proposed watermain had been installed under the sidewalk. Petitioner failed to make the repairs when notified and the village proceeded to make them. The village then notified petitioner pursuant to the charter that a public hearing would be held to determine whether the cost of the repairs should be assessed and made a lien against his property. Thereafter four separate hearings were held as a result of which the proposed assessment was reduced by $985.48.
Petitioner contends that section 114 of the charter violates State and Federal due process in that it deprives him of an opportunity to be heard upon the preliminary issue of whether the repairs were necessary. Petitioner further contends that the action of the village, in requiring petitioner to absorb the cost of the repairs when the sidewalk was torn up by the village to install a new watermain beneath it, was discriminatory, arbitrary and capricious.
This proceeding raises the novel issue of whether a property owner is entitled to contest the need for repairs on a public sidewalk.
The rule is fundamental that a municipality has the primary duty to provide safe and passable ways to the public which it serves. Consonant with this duty flows a responsibility to answer in damages to any member of the public who may be injured by reason of its failure to fulfill the duty. In light of these principles, any action taken by the municipality to secure the ways must be deemed in the interest of the public weal which supersedes individual rights. A requirement that notice and hearing be given to adjoining property owners before repairs can be made would frustrate the proper and adequate protection of the public and subject the municipality to a multiplicity of lawsuits for failure to promptly repair and safely maintain its public ways.
Pro bona publico, the individual property owner must forego his right to question the preliminary issue of need. The property rights of the owner are not affected until he is *369 charged with the cost of the repairs. His right to challenge the costs are adequately protected by the hearing requirements of the charter. Petitioner availed himself of those provisions on four separate occasions and succeeded in reducing the cost.
The question of need is in the realm of public concern. The question of cost is the concern of the individual to be assessed. An effective opportunity to be heard was provided in the realm of private concern. (Matter of Common Council of City of Amsterdam, 126 NY 158.)
Notice and opportunity to be heard need not precede a tentative determination of assessment provided the right to protest is afforded prior to the final imposition of the lien. (Utley v St. Petersburg, 292 US 106; Valley Farms Co. of Yonkers v City of Yonkers, 193 App Div 433, affd 231 NY 558, affd 261 US 155; Works v City of Lockport, 28 Hun 9.)
On a procedural basis, a challenge to the constitutionality of the charter, enacted by the State Legislature (L 1910, ch 667) is defective without proper notice to the Attorney-General.
There remains for consideration the issue of whether the action of respondents was discriminatory, arbitrary and capricious in view of the fact that the sidewalk had to be removed in order to install a watermain.
It was the testimony of the Superintendent of Public Works at the August 29, 1979 public hearing that he met with petitioner before any work was done and advised him that the sidewalk and some of the curb were not in vertical alignment and did not meet village specifications. He further stated that the defective slabs and curbing were marked with paint and charged to petitioner but slabs and curbing found to be in good condition were not charged to him. The Superintendent of Public Works further stated at the hearing of December 18, 1979 that the village water department had assumed the expense of replacing those portions of the sidewalk which were in good condition but removed to install the watermain. The original cost of the sidewalk and apron was cut in half at this meeting.
There is a strong presumption that an assessment is regular and legal and the burden of rebutting such presumption falls upon petitioner (County of Monroe v City of Rochester, 154 NY 570; Matter of Voorhis, 90 NY 668). Not only has petitioner failed to meet his burden but respondents have demonstrated a rational basis in fact and in law for the *370 determination here challenged. (Matter of Pell v Board of Educ., 34 NY2d 222.)
Application denied.