WEATHERBY vs. MEIKLEJOHN and another.

*September 4 — September 23, 1884.*

*Defect of parties plaintiff: Waiver: Nonsuit: Obstruction of navigable river: Evidence as to damages: Action for penalty.*

61 67
97 491
61 67
59 LRA 87n

1. A defect of parties plaintiff, if not taken advantage of by answer or demurrer, is waived.
2. Several persons had associated themselves for the purpose of driving in bulk their logs which were intermingled in a river, the entire expense of the drive to be borne by them in common in proportion to the quantity owned by each. In an action by one of them to recover his damages for a delay in the drive caused by the unlawful maintenance of booms in the river, *held:*

    (1) The objection not having been taken by answer or demurrer, a nonsuit on the ground that the action should have been a joint one in the names of all the persons interested in the drive was improper.

    (2) Evidence of the whole quantity of logs, of the quantity owned by the plaintiff, and of the delay and expense to the whole drive, was sufficient to carry the question of damages to the jury.

    (3) Whether in such action the plaintiff could also recover the penalty given by sec. 1598, R. S., is not determined.

APPEAL from the Circuit Court for *Waupaca* County.

The cause was before this court upon an appeal from an order overruling a demurrer to a counterclaim, and is reported in 56 Wis. 73. After the decision on that appeal the cause was tried, and at the close of the plaintiff's testimony a nonsuit was granted. From the judgment entered accordingly the plaintiff appealed.

For the appellant there was a brief by *Jackson & Thompson*, and oral argument by *Mr. Jackson*.

*G. W. Cate*, for the respondents.

COLE, C. J. The circuit court granted the nonsuit on the ground that the proof established the fact that a number of individuals — of whom the plaintiff was one — had associated themselves together for the purpose of driving in bulk all their logs which were in the river intermingled, the entire expense of the drive to be borne in common by the owners of the logs, in proportion to the quantity each had in the drive — therefore, that the remedy for the delay caused by the alleged obstructions in the river was by a joint action in the names of all the parties jointly interested in running the drive. This objection really resolves itself into the proposition that other parties should have been joined as plaintiffs in the action. But the rule is well settled that a defect of parties plaintiff must be taken advantage of by answer or demurrer, or it is waived. This is the clear language of the statute, and the decisions upon it are so familiar to the profession that they need not be cited here.

The learned counsel for the defendants seeks to avoid the force of this rule by insisting that the plaintiff could not recover on the case made by the proof; that the objection stood wholly upon the proof, and was not raised or suggested by the complaint, which disclosed a good cause of action. He says when the proof came in it appeared that the cause of action in the complaint was not a cause of action upon

which the plaintiff or anybody else can sue, but is a part of an entire cause of action in favor of several parties, including the plaintiff. Now, if we correctly comprehend this argument, it is but stating in another form the objection that other parties should have been joined in the action, or that the proof failed to make out a cause of action in favor of the plaintiff. Enough has been said on the point as to the non-joinder of other parties. A defect of parties is founded upon the notion or fact that there are other persons interested in the controversy who should be before the court, and whom the court will order to be brought in where the objection is taken in time.

As to whether the plaintiff was entitled to recover anything in the action, of course depended wholly upon the case made by his proof. If the evidence showed that he had sustained any loss or damage in running his logs, in consequence of an unlawful obstruction in the river, placed there by the defendants, then obviously the nonsuit was wrong; for the question before the court was not as to the amount or correct rule of damages, but whether, in fact, the plaintiff had sustained any loss by such obstruction. If he had, he was entitled to recover such damages as the jury, upon the evidence, might find he had sustained. On looking into the record, it seems to us there was ample testimony tending to prove that the whole drive, including the plaintiff's logs, was delayed by the defendants' boom. How great the delay or how much expense was occasioned by the boom was for the jury to determine upon the evidence. We are now speaking of the first cause of action set forth in the complaint, and of the evidence properly applicable to it. The substance of that claim is that the plaintiff was hindered and delayed in running his logs down the river by booms put in the stream by the defendants in such a manner as to materially impede the free navigation thereof, and that he was injured by the same to the amount of $300. This is a

common law action. But the learned counsel for the de-
fendants contends that there was no evidence whatever be-
fore the jury to prove that the plaintiff was delayed by the
booms in running his particular logs, or that he incurred any
extra expense in consequence of the booms being in the
stream. Such proof, he says, was essential to furnish a basis
for the assessment of damages, even if the booms were an
unlawful intrusion into the navigable waters. But there was
evidence as to the quantity of logs in the whole drive, as to
the quantity of plaintiff's logs, also as to the delay and expense
to the whole drive caused by the booms. From these data
there would be no difficulty, as it seems to us, in arriving
at the plaintiff's damages. His damages, if any, would be
his share of the additional expense caused by the obstruc-
tion, in proportion to his quantity of logs. The proof
showed the quantity of logs in the whole drive to be some-
thing over 22,000,000 feet, board measure, and that the
plaintiff's logs amounted to 2,300,000 feet. As we have said,
there was evidence which tended to show the entire expense
of the whole drive. But, if this were not the correct way to
ascertain the plaintiff's damages, it is idle to claim that there
was no sufficient evidence to carry the case to the jury on the
question of damages. The plaintiff may have difficulty in
proving the precise amount of damage he sustained, grow-
ing out of the fact that his logs were run in a drive with the
logs belonging to other persons. However that may be, in
considering the correctness of the nonsuit we have only to
inquire whether there was not evidence to warrant a jury in
finding that the plaintiff had been damnified by the ob-
struction. If there were such evidence, and it further ap-
peared that the boom, which it is conceded the defendants
placed in the river, was an unlawful obstruction, the case
should have been submitted to the jury. The principle of
law is not controverted, that where an unlawful obstruction
is placed in a navigable stream, which causes special or pecul-

iar damage to an individual, an action may be maintained therefor. See *Enos v. Hamilton*, 27 Wis. 256.

The other cause of action stated in the complaint is to recover the penalty given by sec. 1598, R. S., for obstructing a navigable stream by maintaining a boom therein not authorized by law. Whether the plaintiff can recover in this form of action the penalty there given is a point upon which we express no opinion. The contention of plaintiff's counsel is that any person damaged by the obstruction may sue for and collect this penalty in his own name, together with any special damage he may show he has sustained. But whether that view of the law is correct or not, is a question not necessary to be decided now. The nonsuit was wrong for reasons already given.

*By the Court.*— The judgment of the circuit court is reversed, and a new trial ordered.