J. B. BILLARD v. JOSEPH ERHART, et al.

INJUNCTION, *When Not a Matter of Right.* The owner of a lot in a city is not entitled, as a matter of right, to an injunction against a party from obstructing a sidewalk or street in such city, where the owner's lot or land does not abut upon and is not opposite or contiguous to the obstruction, since the injury or nuisance complained of is not different in kind from that sustained by the public.

*Error from Shawnee District Court.*

ON September 10, 1885, *Joseph Erhart, W. S. Gordon,* —— *Rosen,* and *Mrs. Pushaw,* filed their petition against *J. B. Billard,* alleging that—

"They and each of them are citizens of the city of Topeka, in said county; that they and each of them own real estate, and reside respectively upon their said real estate, which said real estate and the residences of plaintiffs respectively are situate upon 'A' street, (formerly Curtis street,) in said city, in the first ward thereof, usually called North Topeka; that said defendant J. B. Billard is the proprietor of, and runs and operates a certain mill, situate upon said 'A' street, at the intersection of said 'A' street with Kansas avenue; that said Kansas avenue is the principal thoroughfare of said city, and in order to reach almost every portion of said city it is necessary for plaintiffs and each of them to pass from their said residences upon and over said 'A' street to and upon said Kansas avenue; that adjoining said defendant's mill, and upon said 'A' street, is situate a certain scale for weighing; that

said scale is so situate in the sidewalk as to constitute and form a portion of said sidewalk, and occupies the entire width of said sidewalk, and extends a considerable distance lengthwise upon said sidewalk; that said defendant for a long time prior to the commencement of this action, has been and still is in the habit of using said scale by driving and causing to be driven upon said scale and sidewalk, teams attached to wagons, and by weighing upon said scale wagons laden with grain, flour, etc., and said defendant thus uses and appropriates said sidewalk by causing teams and wagons thus to stand upon said scale and sidewalk, and occupying said sidewalk with teams, both upon this portion occupied by the scale and other portions of said sidewalk contiguous thereto, thereby entirely obstructing said sidewalk almost continuously during the business hours of the day, and rendering it impossible for pedestrians to pass along and upon said sidewalk.

"And plaintiffs say that said 'A' street is a public street and highway, and that their said property and residences abut thereon, and by reason of said obstructions caused by the defendant as heretofore set forth, they are and each of them is impeded, hindered and delayed continually, and their free use of said 'A' street is defeated and prevented, to their constant annoyance and injury, whereby they are and each of them is greatly damaged; that said damage is of a character not reasonably computable or repairable in money, and constantly recurring, and would be the subject of innumerable actions at law.

"And plaintiffs say that by reason of said obstructions, the value of their real estate and of that of each of them abutting upon said 'A' street, as aforesaid, is greatly diminished and lessened, and they are denied thereby the tranquil enjoyment of their homes, and the continuous obstruction of said sidewalk by said defendant is a continuing nuisance to these plaintiffs, and an interference and abridgment of their rights as residents and tax-payers of said city, whereby plaintiffs and each of them have sustained and will sustain irreparable damage; and for the injuries thus sustained, and the wrongs thus perpetrated upon and against them by said defendant, plaintiffs say that there is no adequate remedy at law.

"Wherefore, plaintiffs pray that a temporary injunction issue, restraining said defendant from further obstructing said sidewalk and from keeping or causing horses or wagons to stand thereon, either for weighing upon said scale or for loading or unloading grain, until this cause can be finally heard

and determined; and that upon the final hearing hereof said injunction be made perpetual. And plaintiffs pray judgment for costs, and all proper relief."

Upon the day of filing their petition, the district judge of Shawnee county granted a temporary injunction as prayed for in the petition, upon the condition that the plaintiffs execute to the defendant an undertaking in the sum of three hundred dollars. Subsequently, this undertaking was properly exe cuted and filed. At the September Term, 1885, of the district court, the defendant demurred to the petition upon the ground that it did not contain facts sufficient to constitute a cause of action. This demurrer was overruled, defendant excepting. He brings the case to this court.

*Waters & Chase*, and *W. P. Douthitt*, for plaintiff in error.
*Overmyer & Safford*, for defendants in error.

The opinion of the court was delivered by

HORTON, C. J.: The plaintiff in error, Billard (defendant below), is the owner of a mill located at the corner of Kansas avenue and "A" (formerly Curtis) street, North Topeka. For several years there has been a scale for weighing located upon the sidewalk of "A" street, near the corner, for the use of the mill. Doors were arranged along the north side of the mill, also on "A" street, east of the scale, for loading and unloading from wagons, grain and other commodities. Erhart and the other plaintiffs below filed their petition asking that Billard and all persons acting for him be enjoined from using the scale, and from permitting wagons to stand upon the sidewalk for the purpose of loading or unloading grain, etc. The petition was demurred to upon the ground that the plaintiffs were not shown to have any interest in, or to have suffered any loss or injury by the acts complained of, different from the public generally, and that the petition showed affirmatively upon its face that they had no special loss, and therefore that as plaintiffs they had no capacity to bring the action. This demurrer was overruled, and the defendant excepted.

In *Mikesell v. Durkee,* 34 Kas. 509, it was held that where a person or corporation attempts to construct a purely private railroad upon any of the public streets of a city, any abutting lot-owner whose property is or may be injured thereby, may maintain an action to perpetually enjoin such person or corporation from making such use of the streets.

In *Heller v. Railroad Company,* 28 Kas. 625, it was decided that where a part of a street is attempted to be vacated, and the owners of lots abutting thereon do not complain, the owner of a lot in another block in front of whose lot the street is left its full width, and access to whose lot is in no respect disturbed or abridged, cannot maintain an action to restrain the vacation, although thereby the general course of travel will probably be thrown on some other street and no longer pass in front of said lot-owner's property.

The question is, by which of these decisions the present case is to be governed? Upon the whole, we are satisfied that this case falls within the principles decided in *Heller v. Railroad Company,* supra. The difference in facts does not place them upon any different ground of principle. The obstruction complained of is not in front of the lots owned by the plaintiffs below, and their property is not opposite or contiguous to the obstruction. The case therefore differs from *Mikesell v. Durkee,* as in that case the defendants were attempting to excavate and build a private railroad in a public street in front of the plaintiff's lots. In *Heller v. Railroad Company,* the plaintiff alleged that the railroad company was occupying a portion of the street which the city council had attempted to vacate, and was commencing to lay tracks and erect buildings thereon; that thereby the travel was diverted from plaintiff's property, and if the vacation of the street was permitted, that the property would cease to be of any value for business purposes, and of small value for residence purposes. In that case we said:

"The fact that as an indirect consequence injuries may result, gives no cause for interference. Only when the injury is direct, when the individual suffers some special wrong,

something different from that experienced by other members of the community, may the party injured challenge the action. It is not always easy to draw the dividing-line between those cases in which the injury is direct and special, and those in which it is indirect and general. . . . The closing up of access to the lot is the direct result of the vacating of the street, and the owner, by the loss of access to his lot, suffers an injury which is not common to the public; but in the case at bar, access to plaintiff's lots is in no manner interfered with. The full width of the street in front and on the side is free and undisturbed, and the only real complaint is, that by the vacating of the street away from the lots, the course of travel is changed. But this is only an indirect result. There is nothing to prevent travel from coming by the lots if the travelers desire it. The way to the heart of the city by the lots is a little more remote than it was before, but still free passage is open to all who wish to pass thereby. No one is compelled to stay away. Access to the lots is the same that it was before, so that the injury is only the indirect result of the action complained of, and it is an injury which, if it exists at all, is sustained by all other lots along the street west of the parts vacated."

In this case the property of the plaintiffs below abuts on a part of the street distant from the alleged construction, and the damage they suffer is sustained by the public generally. (High on Injunctions, 2d ed., §§ 594, 827; id., § 819, and cases cited; *Williams v. Smith*, 22 Wis. 594, and cases cited; *Shaubut v. Railroad Company*, 21 Minn. 502; *Craft v. Jackson, Co.*, 5 Kas. 521; *Bobbett v. The State, ex rel.*, 10 id. 15.)

The judgment of the district court will be reversed, and the case remanded for further proceedings, in accordance with the views herein expressed.

All the Justices concurring.