GEORGE W. HAYDEN V. CHARLES STEWART.

No. 13,381.   (80 Pac. 43.)

SYLLABUS BY THE COURT.

HIGHWAYS—*Injunction*—*Right to Sue.* A private citizen may maintain injunction to prevent the obstruction of a public highway if by reason thereof he sustains a special injury not suffered by the public. The petition in this case examined, and *held*, that it states a cause of action.

Error from Cherokee district court; A. H. SKIDMORE, judge. Opinion filed March 11, 1905. Reversed.

*Charles Stephens,* for plaintiff in error.

*Francis M. Brady,* for defendant in error.

The opinion of the court was delivered by

GREENE, J.: This suit was brought by the plaintiff below to restrain the defendant from closing an alleged highway. The plaintiff stated in his petition that he brought the suit for himself and the traveling public who traveled the road referred to in his petition. He alleged that he is the owner of the north half of the southeast quarter of section 6, township 32, range 22 east of the sixth principal meridian, in Cherokee county, Kansas; that his residence is on the extreme west end of the tract of land; that in the years 1870 and 1871 the south half of the quarter was owned by one R. Tippie and that the southwest quarter was owned by J. D. Goodmer; that in one of those years these parties dedicated to the use of the owner of the plaintiff's land, and to the traveling public, a strip of land twenty-five feet wide along the west end of the south half of the southeast quarter and a strip twenty-five feet wide along the east side of the southwest quarter of the section, making a strip fifty feet wide, for a public highway for the owner of the land

and the public; that it was accepted at that time as a public highway, and was by the owner and all subsequent owners of the land of plaintiff, and by the public generally, used as a public highway; that the owners of the tracts planted out their hedge fences so that it left this roadway of fifty feet in width; that such roadway has been constantly used by the owners of plaintiff's land and by himself and the public from that date as a public road, until about one year prior to the bringing of this suit, when the defendant, who had become the owner of both of such tracts of land, wrongfully built a wire fence across each end of the road, which, defendant declares, will in the future be maintained, thus preventing the plaintiff and the public from using the highway. He also alleged that he has no other route to travel to and from his residence from the south. To this petition the court sustained a demurrer.

It appears from the argument that the demurrer was sustained on the ground that plaintiff could not maintain a suit on the part of the public to abate a nuisance. This is true, but a private person can maintain a suit to abate an obstruction of a highway when he has some special interest or special right therein, or sustains some special damage thereby, over and above the public generally. In the present instance the plaintiff makes it clear by his petition that he has a special interest in this road, and that the closing thereof will inflict upon him a special damage not sustained by the public; therefore, he may maintain injunction to prevent its continued obstruction. What is said in the petition about the plaintiff's suing on behalf of the public may be treated as surplusage.

The judgment of the court is reversed, and the cause remanded for further proceedings.

All the Justices concurring.