## David M. Swain et al., Appellants, v. Chicago, Burlington & Quincy Railroad Company, Appellee.

### Gen. No. 5427.

1. NUISANCES—*when public.* It is a public nuisance to obstruct or impede without legal authority the passage of any navigable river or waters.

2. NUISANCES—*when individual may maintain action on account of.* The general rule is, that a public nuisance can only be proceeded against by public prosecution. There is, however, the exception to the general rule, that when a person sustains from a common nuisance a special damage different from that common to all the public he may have an action for damages therefor, but the injury must be special and peculiar to him, and different in kind and not merely in degree.

3. NUISANCES—*when obstruction of navigation does not confer right of action.* A steamship company cannot successfully maintain an action against a railroad company which has obstructed the navigation of a river by the building of a bridge prior to the time that such company embarked in business. The deprivation of the use of the most economical route for the carrying of freight while establishing a damage is only a damage of a kind common to the public as a whole and will not support an action.

Action in case. Appeal from the Circuit Court of Peoria county; the Hon. N. E. WORTHINGTON, Judge, presiding. Heard in this court at the October term, 1910. Affirmed. Opinion filed April 6, 1911.

**Statement by the Court.** This is an action in case begun by David N. Swain & Son against the Chicago, Burlington and Quincy Railroad Company in which plaintiffs seek to recover damages from the defendant for obstructing the navigation of the Illinois river by using, operating and maintaining a railroad bridge across the river near La Salle in such a manner as to prevent the navigation of the river by plaintiffs' steamboats.

The declaration consists of five amended counts and three additional counts. All the counts contain the following averments: that on September 3, 1909, and

for more than five years prior thereto, plaintiffs owned and possessed a line of steamboats used during all said time to carry passengers and freight for hire on the Illinois river between the city of Peoria and various cities and towns along said river, and to points on said river beyond the city of La Salle as far as the city of Ottawa; that said river during all said time was, as far up said river as the city of Ottawa, a navigable stream leading into the Mississippi river, and as such a public highway free to the plaintiffs to use steamboats thereon between the cities of Peoria and Ottawa, except for the obstruction of said river by the defendant; that on September 3, 1909, and for more than five years prior thereto the defendant was possessed of, using and maintaining a certain railroad bridge across said river near the city of La Salle; that defendant prior to September 3, 1904, was notified that plaintiffs were engaged in the business aforesaid, and that defendant's bridge obstructed the free navigation of said river and injured and damaged plaintiffs' business of carrying passengers and freight between Peoria and Ottawa; that it was the duty of defendant to so maintain said bridge as not to obstruct the free navigation of said river, but the defendant not regarding its duty did, during all said time, unlawfully maintain said bridge too low above the waters of the river to permit plaintiffs' steamboats to pass under said bridge to points of destination above and beyond said bridge, whereby plaintiffs during all said time were compelled to unload below said bridge, their passengers and freight destined to points on the river above said bridge, and were compelled to expend large sums of money in unloading and transferring passengers and freight from below said bridge to their destination above said bridge, and in transporting passengers and freight from points above said bridge to below said bridge, and thereby plaintiffs were deprived of great gains and profits that they would otherwise have acquired and were otherwise injured

and damaged in and about their business of carrying passengers and freight.

The fourth and fifth counts and the additional counts aver frequent notice to defendant during the time complained of.

The fourth and fifth counts aver that for many years prior to September 1904 the river was navigable for steamboats from Peoria to Ottawa.

The three additional counts aver that the bridge was built in 1887, and that the river was before the construction of the bridge and still is a navigable stream, and that the bridge was unlawfully built without any draw and too low, and that the defendant took possession of and begun to use said bridge prior to September 3, 1904.

The fifth count avers that the acts of the defendant are contrary to the statute.

The defendant demurred to each count and specified special grounds of demurrer. The court sustained the demurrer to each count and rendered judgment against the plaintiffs, who appeal and assign for error the action of the court in sustaining the demurrer and rendering judgment in favor of the defendant.

SUCHER & McNEMAR, for appellants.

JACK, IRWIN, JACK & MILES, for appellee; CHESTER M. DAWES and J. A. CONNELL, of counsel.

MR. JUSTICE THOMPSON delivered the opinion of the court.

Appellee contends that because the state of Illinois by an Act of the Legislature passed in 1831, authorized the State Canal Commissioners "to cause its engineer to examine the Illinois river from the mouth of the Fox river to the head of steamboat navigation and if in their opinion the navigation of the Illinois river can be improved by dams or locks or otherwise, so as to secure its navigability as far as the mouth of Fox

river with as little expense and as much utility as canaling from Fox river to the Vermilion to the foot of the rapids, they shall have the right to terminate said canal at the mouth of Fox river," and the canal commissioners thereafter constructed the canal to Peru, therefore the river was not navigable above Peru; that the courts will take judicial notice of such historical facts and that averments inconsistent with such facts are not admitted by the demurrer and will be disregarded. In the view we take of this case it is unnecessary to express any opinion concerning this contention.

The statute, title Railroads and Warehouses (par. 5. sec. 20, chap. 114), authorizes corporations to construct railways across any stream but not unnecessarily to impair the usefulness of the stream and provides that nothing in the act "shall be construed to authorize the erection of any bridge or other obstruction across or over any stream navigated by steamboats, at the place where any bridge or other obstruction may be placed so as to prevent the navigation of such stream." The declaration does not aver that the Illinois river was navigated by steamboats at the place where the bridge is when the bridge was built but only avers that the river was navigable. The proviso in the statute only relates to the building of bridges over streams "navigated by steamboats" and does not embrace navigable rivers that are not navigated. It leaves the inference that bridges may be built over navigable rivers that are not used by steamboats when a railroad is built.

The three additional counts aver the river was navigable when the bridge was built and contain all the averments of the preceding counts. If the demurrer was properly sustained to the additional counts it was properly sustained to all. It is a public nuisance to obstruct or impede without legal authority the passage of any navigable river or waters. The general rule is, that a public nuisance can only be proceeded against

. by a public prosecution. There is however the exception to the general rule that when a person sustains from a common nuisance a special damage different from that common to all the public he may have an action for damages therefor (Wylie v. Elwood, 134 Ill. 281), but the injury must be special and peculiar to him, and different in kind and not merely in degree. City of East St. Louis v. O'Flynn, 119 Ill. 200; Chicago Gen. Ry. Co. v. C. B. & Q. R. R. Co., 181 Ill. 605; Hill v. St. L. & N. R. Ry. Co., 243 Ill. 344; Hamilton v. Semet Solway Co., 227 Ill. 501; Guttery v. Glenn, 201 Ill. 275.

None of the counts contain any averment that the appellants had an established business on the river when the bridge was built, neither is there any claim that the appellants have been injured in any riparian right by the maintenance of the bridge. From each count of the declaration the only damages plaintiffs have suffered is purely a speculative one; the loss of profits they might or would have made in business where they have never been engaged in running boats but where they have been prevented from running their boats by the bridge, built over the river before they desired to engage in such business venture. The right of appellants to navigate the river is not a private, but is a public right, which they are entitled to only in common with the whole public. The facts alleged show that the damages resulting to them from being prevented from navigating the river, may be greater in degree but not different in kind from those suffered by any other person who may desire to use this public highway, even if the river was navigable when the bridge was built. There is no trespass alleged to the private property of appellants. The facts pleaded show a public nuisance, obstructing a public highway, which deprives appellants of the cheapest and most convenient route to carry freight and passengers to points on the river above LaSalle. There is no element of special damage alleged that is not suf-

fered by all persons who may desire to navigate the Illinois river between Peoria and Ottawa.

The decisions of the courts of the various states are not harmonious in cases similar to that here presented. However the following cases, with others from the same states, hold that a private action for damages will not lie for the obstructing of a navigable stream on behalf of a party prevented from navigating it, but the remedy must be by a public prosecution. Clark v. C. & N. W. Ry. Co., 70 Wis. 593; Potter v. Indiana and L. M. R. Co., 95 Mich. 389; Blackwell v. Old Colony R. R. Co., 122 Mass. 1; O'Brien v. Norwich Railroad Co., 17 Conn. 372; Hickok v. Hine, 23 Ohio St. 523; Jarvis v. Santa Clara Valley R. R. Co., 52 Cal. 438; Houck v. Wachter, 34 Md. 265; Billard v. Erhart, 35 Kan. 611; Rude v. St. Louis, 93 Mo. 408; Lammers v. Brennan, 46 Minn. 209. In some cases, even where an established business is interfered with by the erection of an obstruction, the same rule has been held. South Carolina Steamboat Co. v. S. C. R. R. Co., (S. C.) 4 L. R. A. 209; Swanson v. Mississippi and Rum River Boom Co., (Minn.) 7 L. R. A. 673; Jones v. St. Paul M. & M. Ry. Co., (Wash.) 47 Pac. R. 226; South Carolina Steamboat Co. v. Wilmington R. R. Co., 46 S. C. 327; Innis v. Cedar Rapids I. F. & N. W. Ry. Co., 76 Ia. 165.

The following cases hold that suit will lie at the instance of a private party damaged by a bridge over a navigable river. Smart v. Aroostook Lumber Co., 14 L. R. A. (N. S.) 1083; Texarkana & Ft. Smith Ry. Co. v. Parsons, 74 Fed. R. 408; Chatfield v. City of New Haven, 110 Fed. R. 788; Oliver v. Klamath Nav. Co., 102 Pac. R. 786; Carver v. San Pedro, Los A. & S. L. R. R. Co., 151 Fed. R. 334; Georgetown v. Alexandria Canal Co., 12 Peters 91; Union Pacific R. R. Co. v. Hall, 91 U. S. 343; Willamette Bridge Co. v. Hatch, 125 U. S. 2; Northern Pac. R. R. Co. v. U. S., 59 L. R. A. (N. S.) 80; Little Rock, Miss. River & Texas Ry. Co. v. Brooks, 39 Ark. 403; Rose v. Miles, 4 Maule & S. 101 (Ellenborough); Drake v. Sault St. Marie Pulp

Co., 25 Ont. App. 251; New York, N. H. & H. R. R. Co. v. Piscataqua Nav. Co., 108 Fed. R. 92; Weatherby v. Meiklejohn, 61 Wis. 67.

We adopt the rule held by the cases first above cited on this proposition, and since there is no element of special damage averred as suffered by appellants that is not common to any person who may desire to navigate the Illinois River between Peoria and Ottawa, the court properly sustained the demurrer. The judgment is affirmed.

*Affirmed.*