WILLIAM STEPHENSON, *Appellant,* v. THE ATCHISON RAILWAY, LIGHT & POWER COMPANY, *Appellee.*

No. 17,963.

SYLLABUS BY THE COURT.

1. PUBLIC STREET—*Obstruction—Railroad Track—Damages to Abutting Lot Owner.* An abutting owner is entitled to recover damages from a company which maintains a railroad track in the street in such manner as to cut off his access to his property—his ingress thereto and egress therefrom—notwithstanding it is constructed in accordance with permission given by the public authorities.

2. —— *What Constitutes Obstructing Access to a Lot.* A railroad track in the street obstructs an owner's access to

abutting lots, and his ingress thereto and egress therefrom, if it prevents his driving on the street to the property, even although by reason of a difference in level, or for any other independent cause, he could not in any event drive upon the lots from the street.

3. ———— *Same.* The fact that lots are accessible through an alley in their rear does not prevent the recovery of damages for obstructing access thereto from the street.

Appeal from Atchison district court.  Opinion filed February 8, 1913.  Reversed.

*C. S. Hull,* of Atchison, for the appellant.

*B. P. Waggener,* of Atchison, for the appellee.

The opinion of the court was delivered by

MASON J.: William Stephenson sued a street railway company for damages alleged to have been occasioned by its having so constructed its track in the street in front of three lots owned by him, as to cut off his access thereto.  A demurrer to his evidence was sustained and he appeals.

There was evidence showing, or tending to show, these facts: The middle of the street in front of the plaintiff's property is macadamized, and to avoid interference with this paving an ordinance provided that the track should be run on the side of the street, near to the curb; the track is laid within a few inches of the curb line and in some places extends inside of it; some surfacing has been done with cinders on the outside of the rails, but there is no filling between them; a wagon can not be driven up next to the curb, although it might be backed up to it by crossing the rails squarely; the curb line is seventeen and a half feet from the lot line; the surface of the plaintiff's lots is about twelve feet above that of the street; the ground is cut away so as to slope from the lot line to about three feet inside of the curb line; in front of the plaintiff's house a flight of steps descends the slope to the

street; the lots abut on no other street, but there is an alley in their rear.

There was some evidence which, under a favorable construction, warranted an inference that the car track in its existing condition prevented the driving of a vehicle up to the curb line. It was weak and inconclusive, and the plaintiff testified that his grievance against the company was based upon matters having no connection with that aspect of the case. The judgment might be affirmed if it were based upon the view that the track did not substantially obstruct the bringing of vehicles to the curb line. But the theory of the trial court seems to have been that such an obstruction did not constitute a denial of access to the property. The ground of the ruling was thus stated:

"The ability to use this property, to get to it and come away from it, has not changed from what it was before the street car track was put there, that is, before the street car track was laid the plaintiff was not able to use his right to go to and from the property, except as a pedestrian, and his ability to use it now in that manner still exists and has not been abridged. The court is of the opinion that the plaintiff's right of ingress to and egress from, or ability to use the property, has not been changed by the laying of the street car track, and unless his right in that respect has been disturbed then there is no liability on the part of the company, and if there is no liability there is no necessity of proving any amount of damages."

Although a car track is laid in the street in accordance with permission granted by the public authorities, if it is so constructed as to cut off an abutting owner from access to his property, from ingress thereto and egress therefrom, he is entitled to damages from the company maintaining it. There are decisions to the contrary, but the weight of judicial opinion supports this view, which is in accordance with previous ex-

pressions of this court. In *C. B. U. P. Rld. Co. v. Twine*, 23 Kan. 585, it was said:

"While a railroad company may, when licensed by the proper authorities, occupy a street or alley with its track, yet if . . . it . . . so lays its track as to permanently obstruct access to an adjoining lot, . . . the lot owner may recover damages therefor." (Syl. ¶ 1.)

While under the facts of the case the rule was found not applicable it was thus stated in *K. N. & D. Rly. Co. v. Cuykendall*, 42 Kan. 234, 21 Pac. 1051, 16 Am. St. Rep. 479:

"To entitle a person owning lots abutting on a city street along which a railroad company has constructed and is operating its line by authority of the city council, to recover damages, there must be such a practical obstruction of the street in front of the lots that the owner is denied ingress to and egress from them." (Syl.)

Cases bearing more or less directly on the subject are collected in notes in 2 A. & E. Ann. Cas. 535, 536; 43 L. R. A. 554; 25 L. R. A., n. s., 1267, 1278; and 36 L. R. A., n. s., 673, 764. The note last cited is very elaborate, filling 165 pages of the work referred to, and covering every phase of the abutter's right to compensation for railroads in streets. See, also, *Foster Lumber Co. v. Arkansas Valley & W. Ry. Co.*, 20 Okla. 583, 95 Pac. 224, 30 L. R. A., n. s., 231, and cases there cited.

The trial court seems to have acquiesced in this rule, which we do not understand to be controverted by the defendant, but was apparently of the opinion that the plaintiff's right of access, and of ingress and egress, was not affected unless he was prevented from driving so as to pass from the street to the lots and from the lots to the street. We think the right of access to the property, of ingress thereto, and egress therefrom, includes the right to use the street for bringing a

vehicle up to the curb line, even although that can not, in any event be crossed—the right to get to the property by the ordinary means of conveyance. The elevation of the plaintiff's lots prevents any driving upon them from the street at this time. The construction of a driveway admitting of this seems unlikely, although doubtless possible. Still the plaintiff has the right to drive upon the street to and from the point of contact with his lots, and if the exercise of this right is prevented by the car track he is entitled to recover damages therefor, measured by the diminished value of the property so occasioned. A number of the cases cited in the note in 36 L. R. A., n. s., 764 *et seq.*, illustrate that an interference with the approach to property from the street on which it abuts constitutes an obstruction to access thereto. It is obvious that a car track might be so laid as to interfere with access to a business block, and in a sense with ingress thereto and egress therefrom, although there might be no possibility under any circumstances of driving a conveyance into it.

At the present time all but three feet of the space between the curb line and the lot line is covered by the sloping bank. Therefore, even if no car track had been laid, the plaintiff could not now drive upon the street (using that term as including the parking and sidewalk) to a point of actual contact with his lots. This condition is not necessarily permanent. But the plaintiff's right of access includes the right to drive upon the portion of street adapted and set apart to that kind of travel, to the curb line in front of his property. He is not required to take into account the possibility of driving upon the parking or sidewalk.

The plaintiff's right of recovery is not affected by the fact that he had access to his lots by means of the alley in their rear. In *K. N. & D. Rly. Co. v. Cuykendall,* 42 Kan. 234, 21 Pac. 1051, 16 Am. St. Rep. 479, it was said that no recovery could be had for the ob-

struction of access from one street to a corner lot, because it was accessible from the other, but this was disapproved in *Ft. S. W. & W. Rly. Co. v. Fox*, 42 Kan. 490, 496, 22 Pac. 583. See, also, *L. N. & S. Rly. Co. v. Curtan*, 51 Kan. 432, 33 Pac. 297 and note, 36 L. R. A., n. s., 772.

The judgment is reversed and the cause remanded for a new trial.