Bissey v. City of Marion.

---

No. 21,917.

M. G. BISSEY and ROBERT C. CAMPBELL, *Appellants,* v. THE CITY OF MARION et al., *Appellees.*

SYLLABUS BY THE COURT.

1. OBSTRUCTION OF PUBLIC STREET—*Joinder of Plaintiffs.* Several persons, each of whom has a special interest in a street's being kept open for traffic, may join in an action for that purpose.

2. SAME — *Joinder of Plaintiffs — Parties Sustaining Special Injury.* Where a bridge over a creek where it is crossed by a city street is suffered to remain in such condition as not to be traversable, the owner of a tract of land on one side of the street and on both sides of the creek sustains an injury therefrom different in kind from that of the general public, and may therefore maintain an action against those responsible for that condition. This is not true, however, of one who owns a tract on a cross street opposite the termination of the street first referred to.

3. SAME—*Action for Mandatory Injunction—Petition States Cause of Action.* Where a petition alleges that a bridge on a public street has been allowed to remain for some ten years in a condition such as to render it unfit for use, an allegation that the action in that regard of the officers having control of the matter was arbitrary, and constituted an abuse of discretion, is sufficient, as against a demurrer, to raise an issue of fact.

4. SAME—*Funds with Which to Remove Obstruction.* In such a case the question whether sufficient funds were available to enable the officers to perform the acts demanded of them is one proper to be raised by answer.

5. SAME—*Action to Remove—Injunction or Mandamus.* Assuming that an adequate remedy was afforded by mandamus, the fact presents no obstacle to the controversy's being settled on its merits in an action for a mandatory injunction.

Appeal from Marion district court; ROSWELL L. KING, judge. Opinion filed February 8, 1919. Affirmed as to appellant Bissey; reversed as to appellant Campbell.

*Stanley W. Howe,* of Marion, for the appellants.

*S. Burkholder,* of Marion, for the appellees.

The opinion of the court was delivered by

MASON, J.: M. G. Bissey and Robert C. Campbell brought an action against the city of Marion and its commissioners for a mandatory injunction to compel putting a bridge in condition for travel. A demurrer to the petition was sustained, and the plaintiffs appeal.

According to the allegations of the pleading, the bridge was built in 1908 over a creek where it crosses Maple street. Previously, lower bridges had been maintained there, but had been washed away by floods, in each instance being shortly replaced. The present bridge was built under an agreement between the county and the city, by which the latter was to pay one-fifth of the cost, and was to provide suitable approaches. Such approaches have been partially constructed on piles placed at each end of the bridge, but they stand about fifteen feet above the level of the street, so that travel thereon is rendered impossible.

1. The demurrer was sustained expressly on the ground that the petition failed to state facts sufficient to constitute a cause of action. The defendant asserts that the decision should be affirmed because of a misjoinder of causes of action and of a defect of parties plaintiff, both of which grounds were relied upon. The code provides that "all persons having an interest in the subject of the action, and in obtaining the relief demanded, may be joined as plaintiffs," etc. (Civ. Code, § 34, Gen. Stat. 1915, § 6924.) This clearly does not mean that all persons who might join must do so; but it permits two or more persons each of whom suffers a peculiar injury from an obstruction to a street to join in an action for relief. (*Street Rly. Co. v. Nave,* 38 Kan. 744, 17 Pac. 587; Bliss on Code Pleading, 3d ed., § 73.)

2. The facts alleged seem to amount, either to an actual obstruction of the street, or to the creation of a condition analogous thereto, by a failure on the part of the city authorities

to perform the duty of keeping the street fit·for travel.   In the latter case the test of the right of an individual to maintain an action for relief would be substantially the same as in the former.   An unofficial plaintiff must have an interest in the matter different in kind from that of the general public, and the usual rule is that to meet this requirement he must own property which abuts directly on the portion of the highway affected, or access to which is cut off by the condition complained of· (13 R. C. L. 231-2; *Billard v. Erhart,* 35 Kan. 611, 12 Pac. 39; *Heller v. A. T. & S. F. Rld. Co.,* 28 Kan. 625), although it is sufficient if ingress and egress be prevented in either direction.   (*Hayden v. Stewart,* 71 Kan. 11, 80 Pac. 43; *Highbarger v. Milford,* 71 Kan. 331, 80 Pac. 663; *Stephenson v. Street Railway Co.,* 88 Kan. 794, 129 Pac. 1188.)   The property owned by the plaintiff Bissey is located about a hundred and fifty feet from the bridge, on a cross street opposite the point at which Maple street terminates.   His situation is not different, unless in degree, from that of any other property owner on that street, and it does not appear that he is within the rule.   But the plaintiff Campbell owns a tract of land on one side of Maple street, and on both sides of the creek where it is crossed by the bridge.   His property abuts·on ·the part of the street which is obstructed, or over which travel is prevented, and by reason of the condition stated he is unable to pass over the street from one part of his land to the other. He is therefore qualified to bring the action, if it is otherwise maintainable.

3.   The defendants urge that the manner of dealing with the problem presented by the presence of the creek is a matter to be determined by them in the exercise of their best judgment— that it is for them, and not for the courts, to decide what action should be taken in that regard.   The petition, however, alleges that in failing to afford relief from the condition complained of, and in suffering that condition to continue, the defendants have acted "arbitrarily" and "in abuse of the discretion vested in them."   It is true that the expressions quoted seem very general and are somewhat of the nature of conclusions.   But the power of the court to constrain the action of the defendants may depend wholly upon their mental attitude— upon whether, on the one hand, they are using their best judgment, or, on the other, are acting capriciously or arbitrarily.

Whether or not their conduct is arbitrary may thus become the ultimate fact in issue. Such a fact is not necessarily made up, like fraud, of a number of component parts which may be pleaded in detail, and it might be impossible to add much to the mere characterization of the conduct complained of as "arbitrary" without pleading the evidence in its support. A somewhat similar pleading was upheld in *Stevenson v. Shawnee County*, 98 Kan. 671, 679, 159 Pac. 5. Here the physical facts relied upon are set out in considerable detail—the omission for a period of some ten years to take steps necessary to render the bridge usable and the street traversable. We regard the petition as sufficient, when attacked only by demurrer, to raise an issue of fact as to whether the course of the defendants was such as to merit the term "arbitrary."

4. It is not alleged that the defendants have now or have had the funds with which to pay for doing the things demanded. Such an allegation has been said to be necessary in a proceeding to compel public officers to put a highway in condition for travel. (18 R. C. L. 241.) In view, however, of the length of time the condition is said to have existed and of the allegation that the conduct of the defendants has been arbitrary, that matter may well be regarded as one to be put in issue by an answer.

5. It has also been held that injunction may not be invoked where mandamus affords an adequate remedy (22 Cyc. 776), as might perhaps be the case here. It is quite apparent, however, that the ruling on the demurrer was not based upon that ground. Assuming that mandamus might have been resorted to, we do not regard this fact as presenting any obstacle to the merits of the controversy being determined in the present action. The difference in the procedure lies chiefly in the names given to process issued. Every right of the defendants can be as well protected in an equitable suit as if a special proceeding had been brought.

The judgment is reversed as to the plaintiff Campbell, and the cause is remanded with directions to overrule the demurrer to the petition as to him. As to the plaintiff Bissey, the judgment is affirmed.

Bissey v. City of Marion.

OPINION DENYING A MOTION FOR MODIFICATION OR RE-
HEARING.

(Filed March 8, 1919.)

SYLLABUS BY THE COURT.

DEMURRER TO PETITION—*Overruled as to One Plaintiff—Sustained as to
the Other.* Where a petition of two plaintiffs states a cause of action
as to but one of them, it is proper practice to overrule a general de-
murrer thereto as to him, and sustain it as to the other plaintiff.

The opinion of the court was delivered by

MASON, J.: The trial court sustained a general demurrer to
the petition. On appeal this court, being of the opinion that a
cause of action was stated, but only as to one of the two plain-
tiffs, ordered a reversal so far as he was concerned, directing
that the demurrer be overruled as to him, the judgment being
otherwise affirmed. The plaintiffs move that the order be
modified so as to direct the overruling of the demurrer as to
both of them, or that a rehearing be granted to consider their
argument in support of such action. They assert that where a
petition states a cause of action in favor of any one of several
plaintiffs a general demurrer thereto should be overruled in
its entirety. In a number of cases language is used seeming
to support that theory. (31 Cyc. 333.) What is really decided
in some of them however is merely that such a demurrer should
not be sustained in its entirety. In one of them (*Peabody v.
Washington County Mutual Insurance Co.,* 20 Barb. 339), as
in the present case, the judgment on the demurrer was affirmed
as to one plaintiff and reversed as to the other. In some juris-
dictions a demurrer is sustained as a whole unless a cause of
action is stated as to all the plaintiffs. (6 Encyc. of Pl. & Pr.
348.) The whole question of the technical procedure in such a
case is trivial. When the petition of several plaintiffs is at-
tacked by a general demurrer, common sense and the interest
of both parties suggest that if it is good as to one of them, and
not as to others, the ruling should declare and give effect to
that fact.

The plaintiff's motion is denied.