No. 23,207.

CLARA UPDEGRAFF FOULKE, *Appellee*, v. THE WICHITA RAILROAD & LIGHT COMPANY et al., *Appellants*.

### SYLLABUS BY THE COURT.

NUISANCE—*Encroachments of Railroad on Private Property—Injunction.* A property owner as plaintiff is entitled to a temporary injunction against a street railroad company enjoining the company from constructing a loop on land adjoining that of the plaintiff where the company was not by its franchise authorized so to do, and the city had expressly refused permission to do so, and the building of the loop would dam the water in the street and cause the water to flood the basement of the plaintiff's property, and the loop would interfere with ingress to the plaintiff's property and egress from it.

Appeal from Sedgwick district court, division No. 3; JESSE D. WALL, judge. Opinion filed January 7, 1922. Affirmed.

*Kos Harris,* and *V. Harris,* both of Wichita, for the appellants.
*E. L. Foulke,* and *James B. Nash,* both of Wichita, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff seeks to enjoin the Wichita Railroad & Light Company, A. M. Patten, and Howard Patten from constructing and operating a street railroad loop on property adjacent to that of the plaintiff, occupied by her and her family as their home. The defendants appeal from a judgment granting a temporary injunction.

Trial was had on the application for a temporary injunction. The journal entry thereon recites—

"The court . . . finds that the allegations in the plaintiff's petition are true and that the plaintiff is entitled to a temporary injunction, to remain in full force and effect until the final hearing of this cause."

It is urged that the petition did not state a cause of action; that the evidence did not prove facts sufficient to constitute a cause of action; and that the court erred in overruling the defendants' demurrer to the plaintiff's evidence. If either contention is good, the judgment must be reversed; all may be discussed together.

The franchise under which the railroad company operated its road provided that—

"The tracks of said railway shall be laid and maintained on the established grade of the said city, and in event that the present grade shall be changed then the said Edward Woodman, his associates, successors and assigns, shall conform said tracks and roadbeds to such new grade as not to interfere with

the flow of water in the lateral and cross-gutters, and in such a manner as to not prevent the crossing of streets by teams and wagons at any point with safety. The entire line of single track shall, as near as may be, coincide with the center of the streets, avenues and highways over and along which the same may pass unless otherwise directed by the city engineer: *Provided,* That in the event of a difference between the said city engineer and the said Edward Woodman, his associates, successors and assigns, as to location of said tracks, the same shall be referred for decision to the city council, whose decision in the matter shall be.final."

The petition alleged and the evidence tended to prove that the plaintiff owned the property described in her petition; that the Wichita Railroad & Light Company owned the adjacent property on which it was about to construct a loop for the operation of its railroad; that the loop would dam the water in the street and cause the water to flood the basement of the plaintiff's home; that the construction of the loop would interfere with the ingress to and egress from her property to and from Hiram avenue; that the cars passing over the loop would cause a grinding, harsh noise; that the city had refused permission to the Wichita Railroad & Light Company to construct the loop at that place; and that the Wichita Railroad & Light Company proposed to build the loop running from the center of University avenue across the parking and sidewalk onto the property adjoining that of the plaintiff. The plaintiff's property fronted on University avenue, and the property on which the company proposed to build the loop was between the plaintiff's property and Hiram avenue.

It has been held that fumes, vapors, gases, noises and smells constitute nuisances which may be enjoined. (29 Cyc. 1185, 1187, 1219.) Numerous decisions of this court hold that one who owns property, ingress to or egress from which is obstructed by the building of a railroad, may recover the damages sustained by him. In *Stephenson v. Street Railway Co.,* 88 Kan. 794, 129 Pac. 1188, this court said:

"An abutting owner is entitled to recover damages from a company which maintains a railroad track in the street in such manner as to cut off his access to his property—his ingress thereto and egress therefrom—notwithstanding it is constructed in accordance with permission given by the public authorities." (Syl. ¶ 1.)

In *Longnecker v. Railroad Co.,* 80 Kan. 413, 102 Pac. 492, this court said:

"If a street-car company acting under such a license depart from a prac-

ticable route in the center of the street it acts without authority, its conduct is unlawful, and its tracks constitute a continuing nuisance. Slight and inconsequential deflections unintentionally made may not furnish ground for action, but substantial deviations fall as completely outside the license as if the tracks were laid at a forbidden place." (Syl. ¶ 4.)

"An abutting property owner who would suffer special damage may object to the laying of street-car tracks on one side of the street under such a license, if it be practicable to locate them in the center of the street; and in such a case injunction is a proper remedy." (Syl. ¶ 5.)

The defendants cite *Railway Co. v. Armstrong*, 71 Kan. 366, 80 Pac. 978, where this court said:

"An authorized business properly conducted at an authorized place is not a nuisance, for whatever is lawful cannot be wrongful." (Syl. ¶ 1.)

One distinction between the present action and the case last cited is that here the Wichita Railroad & Light Company was given authority to lay its tracks in the center of the street, but, instead of doing as authorized, the railroad company was undertaking to extend its tracks from the center of the street onto the property adjoining that of the plaintiff after permission to do so had been refused by the city, while in the Armstrong case the railroad was built substantially as directed by the franchise.

The petition stated a cause of action; the plaintiff's evidence established that cause of action; and the demurrer to the evidence was properly overruled.

The judgment is affirmed.