No. 26,726.

RAY W. SHARP, *Appellant,* v. THE EL DORADO & SANTA FE RAILWAY COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

EMINENT DOMAIN—*Compensation—Obstruction of Access.* The proceedings considered in an action by the owner of property abutting on a street, for damages against a railway company for obstructing the street with its grade and track, and *held,* plaintiff's right to ingress to and egress from his property was not obstructed.

Appeal from Butler district court; GEORGE J. BENSON, judge. Opinion filed May 7, 1927. Affirmed.

*Charles W. Steiger,* of El Dorado, for the appellant.

*William R. Smith, Owen J. Wood, Alfred A. Scott, Alfred G. Armstrong,* all of Topeka, and *Arch F. Williams,* of El Dorado, for the appellee.

Eminent Domain, 20 C. J. p. 658 n. 59.

The opinion of the court was delivered by

BURCH, J.: The action was one by the owner of property abutting on a street, for damages against the railway company for obstructing the street. A demurrer was sustained to plaintiff's evidence, and he appeals.

The street is East Second street, extending east and west through the city of El Dorado. Plaintiff's property, consisting of one and one-half acres, abuts on the south side of the street in the eastern portion of the city. Before the railway was constructed plaintiff traveled westward from his property to the main portion of the city, and traveled eastward through a residence district to the city limits. The foot of the railroad grade is sixty or seventy-five feet from the northeast corner of plaintiff's property, and prevents travel farther toward the east. Ingress to and egress from plaintiff's property remain precisely as before, and there is no obstruction to travel toward the main part of town.

Plaintiff misconstrues access to his property by means of the street to include privileges to approach from both directions. Since he may still come and go, and is not prevented from getting out on the street to go, or prevented from getting into his property from the street when he comes back, he is not entitled to damages. This rule was stated in the case of *Stephenson v. Street Railway Co.*, 88 Kan. 794, 129 Pac. 1188, cited by plaintiff, and authorities establishing the rule were referred to in the opinion. In the Stephenson case, the lot owner could not get a vehicle up to the curb line of his property. Other Kansas cases cited by plaintiff antedate the Stephenson case, and were considered by the court when that case was decided.

The judgment of the district court is affirmed.